FILED

APR 0 4 2014

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PAUL F. BLAKELY, <br><br> Petitioner, <br><br> vs. <br><br> STATE OF MONTANA; WARDEN, <br><br> Respondents. | Cause No. CV 14-20-BU-DWM-JCL <br><br> FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On March 20, 2014, the Court received from the Ninth Circuit Court of Appeals a four-page petition written by Paul Blakely. It appeared Blakely intended to challenge convictions he incurred in 2009 in state court. Consequently, on March 24, 2014, Blakely was advised that, if he intended to proceed in this Court, he must either pay the filing fee or move to proceed in forma pauperis, and he must also complete the Court's standard form for habeas petitions. Order (Doc. 2) at 1-2.

On April 1, 2014, Blakely responded by objecting to "recharacterization" of his submission as a federal habeas petition. He insists that he is filing a motion to withdraw his guilty plea under Mont. Code Ann. § 46-16-105. Resp. to Order (Doc. 3) at 1-2.

This Court and the Ninth Circuit Court of Appeals are federal courts. Federal

1

courts lack jurisdiction to hear motions to withdraw guilty pleas under Mont. Code Ann. § 46-16-105. Blakely unambiguously states he is not challenging his conviction and does not wish to proceed with a petition for writ of habeas corpus but wants to move to withdraw his guilty plea. Because the federal courts lack jurisdiction to hear a motion to withdraw a guilty plea that was entered in state court, this action should be dismissed without prejudice for lack of jurisdiction.

A certificate of appealability is not warranted as there is no doubt the federal courts lack jurisdiction to hear motions to withdraw guilty pleas under Mont. Code Ann. § 46-16-105. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (Doc. 1), construed at Blakely's request as a motion to withdraw the guilty plea under Mont. Code Ann. § 46-16-105, should be DISMISSED for lack of jurisdiction.

2. The motion to proceed in forma pauperis (Doc. 4) should be DENIED AS MOOT.

3. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

4. A certificate of appealability should be DENIED.

2

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Blakely may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Blakely must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 4th day of April, 2014.

_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.